UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RUDOLPH SCHWARTZ,

                Plaintiff,

          v.

AMF BOWLING CENTERS, INC.,

                Defendant.
------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

19-CV-7096
(Kuntz, J.)
(Marutollo, M.J.)

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

Plaintiff Rudolph Schwartz—represented by attorneys from the law firm Devitt Spellman Barrett, LLP ("DSB")—commenced this personal injury action against Defendant AMF Bowling Centers, Inc. on January 29, 2019. *See* Dkt. No. 1-3. On May 31, 2024, DSB filed, pursuant to Local Civil Rule 1.4,[1] a letter-motion to withdraw as counsel in this action, as Plaintiff terminated DSB as his counsel on May 24, 2024. *See* Dkt. No. 35. DSB also requests that "John Sommers, who appeared in this action on behalf of [DSB] but is no longer associated with this firm and ahs been suspended from the practice of law due to matters not involving [DSB], be relieved as counsel as well. *See id.* at 1. Additionally, DSB seeks to affix a statutory charging lien against any sum recovered by Plaintiff in the amount of thirty-three-and-one-third percent, an award of costs of $5,051.45. *See id.*; *see also* Dkt. No. 37. Finally, DSB seeks a stay of this litigation for a reasonable amount of time to allow Plaintiff to obtain substitute counsel.

---

[1] The Local Rules of the United States District Court for the Southern and Eastern Districts of New York were updated on July 1, 2024. As set forth in Local Rule 1.1., "[t]hese Local Civil Rules take effect on July 1, 2024 [] and govern actions pending or filed on or after that date. For actions pending on the Effective Date, if fewer than 14 days remain to perform an action governed by these Rules, the provisions of the previous Local Rules effective on June 30, 2024 will govern." Thus, the previous Local Rules are applicable here.

The Honorable William F. Kuntz, II, United States District Judge, referred DSB's motion to the undersigned for a Report and Recommendation. *See* Dkt. No. 36. For the reasons explained below, this Court respectfully recommends that Plaintiff's motion be granted in part and denied in part.

## I. **Background**

Plaintiff, represented by DSB, commenced this lawsuit on January 24, 2019, in the Supreme Court, County of Suffolk. *See* Dkt. No. 1-3, at 3. Plaintiff alleges that he suffered injuries as the result of a slip-and-fall accident that occurred on Defendant's premises on October 31, 2017, and he seeks an award of monetary damages. *See id.* at 34-39.

On December 18, 2019, Defendant removed this case from state court to this Court. *See* Dkt. No. 1. Plaintiff continued to be represented by DSB. *See id.*

The parties proceeded with discovery, and on March 22, 2022, the Court issued an order certifying that discovery was complete. *See* Mar. 22, 2022 Dkt. Order. The Court subsequently set a briefing schedule for Defendant's motion for summary judgment, and on August 19, 2022, Defendant filed the fully-briefed motion on the Court's docket. *See* Dkt. Nos. 31-33. Defendant's motion for summary judgment is pending *sub judice*.

According to DSB, on May 24, 2024, Plaintiff arrived unannounced at DSB's Hauppauge office and requested that DSB discontinue its representation of him regarding this matter. *See* Dkt. No. 35, at 1; Dkt. No. 37, at 1. Plaintiff "advised that he had not yet found another attorney, that he was looking for a new attorney, and that he respectfully wanted to end the attorney-client relationship" with DSB. Dkt. No. 37, at 1. On May 28, 2024, Plaintiff returned to DSB's office to collect his physical file; DSB informed Plaintiff that the instant motion would be necessary and

that DSB would be asserting a charging lien.  *Id.*  Plaintiff executed a notice of discharge, and took his physical file from DSB.  *Id.*; *see also* Dkt. No. 37-1, at 1.

As noted above, on May 31, 2024, DSB filed a letter-motion to withdraw as counsel for Plaintiff pursuant to Local Civil Rule 1.4, to assert a charging lien in accordance with New York Judiciary Law § 475, and for a stay of litigation to permit Plaintiff time to find new counsel.  *See* Dkt. No. 35.

On June 3, 2024, the Court ordered DSB to supplement the letter-motion with a memorandum of law, a copy of Plaintiff's retainer agreement with DSB, and the computation of outstanding fees with billing records.  *See* June 3, 2024 Dkt. Order.  The Court further ordered DSB to serve Defendant with a copy of the motion.  *Id.*

On June 10, 2024, DSB filed a supplemental motion to withdraw and an affidavit of service showing that DSB mailed the motion to Plaintiff.  *See* Dkt. Nos. 37-38.  Plaintiff has not opposed DSB's motion.  Defendants have also not filed any response to Plaintiff's motion.

As set forth in the motion, DSB contends that Plaintiff discharged the firm without cause, and as a result, there is good cause for DSB to withdraw as Plaintiff's counsel of record in this case.  Dkt. No. 37, at 7.  DSB seeks a charging lien in the amount of "thirty-three-and-one-third percent (33 1/3%) of any sum recovered by the plaintiff, whether by suit, settlement or otherwise, and to further pay to the attorney all costs and expenses regardless of the outcome of the matter, pursuant to the subject retainer agreement" and an award of costs and expenses in the amount of $5,051.45.  *Id.* at 7-8.

According to the terms of the retainer agreement signed by Plaintiff on November 16, 2017, DSB is permitted to retain "[t]hirty three and one-third percent (33 1/3%) of the sum recovered, whether recovered by suit, settlement[,] or otherwise" computed "on the net sum recovered after

3

deducting from the amount recovered expenses and disbursements for expert medical testimony and investigative or other services properly chargeable to the enforcement of the claim or prosecution of the action." Dkt. No. 37-4, at 1. The retainer further states that "Client Remains Liable for Repayment of All Costs and Expenses, Regardless of the Outcome of This Matter." *Id.*

**II.**     **Discussion**

    **A.**     **DSB's Motion to Withdraw as Counsel**

DSB seeks to withdraw as counsel for Plaintiff in this action because Plaintiff terminated the attorney-client relationship. *See* Dkt. No. 37, at 1. At the time of the filing of the present motion, Local Civil Rule 1.4, which governs motions to withdraw as counsel, stated:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

Loc. Civ. R. 1.4; *see also Xu v. UMI Sushi, Inc.*, 15-CV-4710 (RJS), 2016 WL 3523736, at *6 (S.D.N.Y. June 21, 2016) (applying Local Civil Rule 1.4 to a motion to withdraw as counsel of record).

"Whether to grant or deny a motion to withdraw as counsel is within the sound discretion of the district court." *Finkel v. Fraterrelli Brothers, Inc.*, 05-CV-1551 (ADS) (AKT), 2006 WL 8439497, at *1 (E.D.N.Y. Dec. 4, 2006) (citing *Whiting v. Lacara*, 187 F.2d 317, 320 (2d Cir. 1999)). In determining whether to grant a motion to withdraw as counsel, "district courts . . . analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, 08-CV-6469 (DAB) (JCF),

4

2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011); *see also Marciano v. DCH Auto Grp.*, No. 11-CV-9635 (KMK), 2016 WL 11703590, at *1 (S.D.N.Y. Feb. 2, 2016) (explaining that when deciding motions to withdraw, district courts consider "the reasons for withdrawal[] and the impact of the withdrawal on the timing of the proceeding." "In weighing the impact of the withdrawal on the proceeding, courts consider the immediacy and degree of potential harm—whether to the client, the lawyer or the judicial system—from the continuation of the representation . . . together with the impact that the grant of the motion to withdraw would have on the progress of the case." *Geery v. Silberstein*, No. 20-CV-753 (AKH), 2021 WL 3164901, at *1 (S.D.N.Y. June 11, 2021) (cleaned up). "[C]ourts within this district have consistently held that, while Local Rule 1.4 requires a court order to withdraw, when a party agrees to terminate counsel, the order to withdraw should issue except under the most compelling circumstances." *Gatsby Yacht Grp., LLC v. M/Y "EAST BOUND & DOWN*," No. 18-CV-4242 (GRB) (ARL), 2020 WL 13581726, at *1 (E.D.N.Y. Oct. 16, 2020) (citing *Casper v. Lew Lieberbaum & Co.*, No. 97-CV-3016 (JGK) (RLE), 1999 WL 335334, at *4 (S.D.N.Y. May 26, 1999)).

In analyzing the reasons for withdrawal, courts often look to the New York Rules of Professional Conduct ("NYRPC"), which govern the conduct of attorneys who practice in New York federal courts. *See Papadatos v. Home Depot U.S.A, Inc.*, No. 21-CV-3208 (WFK) (JMW), 2022 WL 2612353, at *1 n.1 (E.D.N.Y. June 10, 2022) ("The New York Rules of Professional Conduct govern the conduct of attorneys in federal courts sitting in New York as well as in New York State courts." (citation omitted)). NYRPC Rule 1.16(b) states that "a lawyer shall withdraw from representing a client when . . . the lawyer is discharged." NYRPC R. 1.16(b)(3).

Here, DSB has presented the Court with satisfactory reasons to permit the firm to withdraw as Plaintiff's counsel in this action. DSB contends that Plaintiff terminated the attorney-client

5

relationship, and Plaintiff signed a notice of discharge to that effect. *See* Dkt. No. 37, at 1; *see also* Dkt. No. 37-1. Thus, under NYRPC 1.16(b), DSB is required to withdraw as counsel. *See Casper*, 1999 WL 335334, at *4 (permitting plaintiffs' counsel to withdraw pursuant to Local Civil Rule 1.4 because plaintiffs terminated the attorney-client relationship). DSB's withdrawal will also not unreasonably delay the progress of this case. Defendant's motion for summary judgment is fully briefed and *sub judice*, and the Court has not set a trial date. *Cf. Malarkey v. Texaco, Inc.*, No. 81 Civ. 5224 (CSH), 1989 WL 88709, at *2 (S.D.N.Y. July 31, 1989) (denying counsel's motion to withdraw when case is "on the verge of trial readiness").

DSB also requests that Sommers, who was previously associated with DSB and appeared in this action on behalf of Defendant, be relieved as counsel as well. Dkt. No. 35, at 1. According to DSB, Sommers is no longer associated with DSB and has been suspended from the practice of law due to matters not involving DSB. *Id.* Therefore, satisfactory reasons exist to remove Sommers from this case as well.

Accordingly, this Court respectfully recommends that DSB and Sommers should be permitted to withdraw as counsel for Plaintiff in this action.

### B. DSB's Entitlement to a Charging Lien

DSB also moves to assert a charging lien for work performed and costs incurred in handling Plaintiff's case. Dkt. No. 37, at 7-8.

A charging lien is a security interest in the favorable result of litigation, giving the attorney equitable ownership interest in the client's cause of action . . . ." *Antonmarchi v. Consol. Edison Co. of N.Y.*, 678 F. Supp. 2d 235, 240 (S.D.N.Y. 2010) (citation omitted). "Under New York law, an attorney who is discharged is statutorily entitled to a charging lien on any monetary recoveries obtained by the former client in the proceedings in which the attorney had rendered legal services."

6

*Naguib v. Pub. Health Sols.*, No. 12-CV-2561 (ENV) (LB), 2014 WL 2002824, at *1 (E.D.N.Y. May 15, 2014) (quoting *Stair v. Calhoun*, 722 F. Supp. 2d 258, 267 (E.D.N.Y. 2010)). Specifically, N.Y. Judiciary Law § 475 states:

> From the commencement of an action . . . the attorney who appears for a party has a lien upon his or her client's cause of action . . . which attaches to a verdict, report, determination, decision, award, settlement, judgment or final order in his or her client's favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment, final order or determination. The court upon the petition of the client or attorney may determine and enforce the lien.

N.Y. Judiciary Law § 475.

"The prerequisites to the creation of a charging lien are well-settled; as a result of the attorney's efforts, (1) the client must assert a claim, (2) which can result in proceeds (3) payable to or for the benefit of the client." *DeCastro v. Kavadia*, No. 12-CV-1386 (JMF), 2018 WL 4771528, at *3 (S.D.N.Y. Oct. 3. 2018) (citation omitted); *see also Stair*, 722 F. Supp. 2d at 267. "The Second Circuit has made clear that Section 475 governs attorneys' charging liens in federal courts sitting in New York, and such liens are enforceable in federal courts in accordance with its interpretation by New York courts." *Papadatos*, 2022 WL 2612353, at *3 (citation omitted).

An outgoing attorney "may either elect to take compensation on the basis of a fixed dollar amount, calculated based upon *quantum meruit* to approximate the reasonable value of his or her services, or, in lieu thereof, the outgoing attorney has the right to elect a contingent percentage fee based on the proportionate share of the work performed on the whole case." *Naguib*, 2014 WL 2002824, at *2 (internal citation omitted). "As a practical matter, *quantum meruit* valuation of services rendered by a discharged attorney can best be determined at the time of discharge, rather than some months or years later when the case finally ends, whereas the calculation of a contingent percentage fee is better left to the conclusion of the litigation when the amount of the recovery and

7

the relative contributions of the lawyers to it can be ascertained" *Chen v. LJC Trading New York, Inc.*, No. 19-CV-3276 (SJF) (AKT), 2020 WL 10574176, at *5 (E.D.N.Y. Nov. 20, 2020) (internal quotations and citation omitted); *see also Papadatos*, 2022 WL 2612353, at *3 (explaining how "it is within the sound discretion of the Court to defer ruling on the amount of the lien," and recommending that counsel in a personal injury case be granted a charging lien but that the court defer ruling on the amount of the lien until the case's conclusion). The "presumption[] that a contingent fee is desired if no election is made . . . would also avoid the imposition of a *quantum meruit* fee if the litigation was unsuccessful." *Chen*, 2020 WL 10574176, at *5.

It is well settled, however, that a charging lien is forfeited if an attorney withdraws or is discharged for cause. *Antonmarchi v. Consol. Edison Co. of N.Y.*, 678 F. Supp. 2d at 241. "Attorneys who withdraw are still entitled to charging liens so long as they withdraw for 'good cause.'" *Papadatos*, 2022 WL 2612353, at *3 (quoting *Ruiz v. Keratin Bar Inc.*, No. 17-CV-2216 (VEC), 2020 WL 7079904, at *4 (S.D.N.Y. Dec. 3, 2020)). "Under New York law, good cause for withdrawal exists where there are irreconcilable differences with respect to the proper course to be pursued in the litigation . . . or where the relationship between plaintiffs and their attorney has deteriorated to the point where further representation is inappropriate." *Papadatos*, 2022 WL 2612353, at *3 (internal citations and quotation marks omitted).

Here, DSB has established that it was discharged without cause. According to DSB, Plaintiff indicated that "he respectfully wanted to end the attorney-client relationship with" DSB and signed a notice of discharge to that effect. Dkt. No. 37, at 1; *see also* Dkt. No. 37-1. DSB contends that it acted diligently on Plaintiff's behalf by commencing this action, serving and responding to written discovery demands, taking six depositions, and opposing Defendant's motion for summary judgment. *Id.* at 1-2. Plaintiff has not opposed DSB's motion or disputed

8

these facts, despite being served with a copy of the motion. *See* Dkt. No. 38; *see also Casper*, 1999 WL 335334, at *6 ("The burden rests with plaintiff[] to demonstrate that [he] had cause to terminate the attorney-client relationship."). Under these circumstances, this Court finds that DSB was not discharged with cause and is therefore entitled to a charging lien.

DSB requests that it "be awarded thirty-three-and-one-third percent (33 1/3%) of any sum recovered by the plaintiff, whether by suit, settlement or otherwise" pursuant to the terms of the retainer agreement. Dkt. No. 37, at 7-8. While the retainer agreement provides for this contingency fee percentage, DSB is not automatically entitled to this amount because a charging lien is an "equitable remedy," and the amount of the lien must be "fair." *Pardovani v. Crown Bldg. Maint. Co.*, No. 15-CV-09065 (SHS), 2023 WL 5744283, at *2 (S.D.N.Y. Sept. 6, 2023) (citation omitted); *see also Naguib*, 2014 WL 2002824, at *2 (holding that attorney was not automatically entitled to a one-third of the total settlement or award upon withdrawal for good cause). "Rather, the value of the charging lien shall be determined by the Court as a percentage of any contingency fee ultimately recovered by [P]laintiff or substitute counsel," based upon DSB's "*pro rata* share of the work." *Naguib*, 2014 WL 2002824, at *2; *see also Greenberg v. Cross Island Indus.*, 522 F. Supp. 2d 463, 468-69 (E.D.N.Y. 2007) (an attorney's recovery is "measured by a percentage based on the proportionate share of the work performed"). This computation is "better determined at the conclusion of the case when such factors as the amount of time spent by each lawyer on the case, the work performed, and the amount of recovery can be ascertained." *Naguib*, 2014 WL 2002824, at *2; *see also Papadatos*, 2022 WL 2612353, at *3 (deferring calculating value of charging lien until personal injury case resolved); *Joffe v. King & Spalding LLP*, 337 F. Supp. 3d 366, 370 (S.D.N.Y. 2018) ("The Court therefore exercises its discretion to defer ruling on the amount of the charging lien until the amount to be recovered by Plaintiff, if any, has been finally determined").

DSB also seeks costs and expenses in the amount of $5,051.45. Dkt. No. 37, at 8. DSB attaches a computation of outstanding fees and supporting billing records to its motion. *See* Dkt. Nos. 37-5 – 37-6. Upon review of the documents submitted by DSB, including the retainer agreement which states that Plaintiff remains liable for costs and expenses, this Court finds that DSB is entitled to $5,051.45 in costs and expenses. *See* Dkt. No. 37-4, at 1. These fees will "attach to the charging lien," and should be deducted from the sum recovered by Plaintiff in accordance with the terms of the retainer agreement.[2] *Stair*, 722 F. Supp. 2d at 276; *see* Dkt. No. 37-4, at 1.

Accordingly, this Court respectfully recommends that DSB's request for a charging lien be granted and that the calculation of the lien's amount be deferred until the amount to be recovered by Plaintiff, if any, has been finally determined.

### C.   **Proposed Stay**

DSB requests that this case be stayed "for an amount of time reasonably necessary to permit plaintiff to obtain substitute counsel." Dkt. No. 37, at 8. As noted above, the Defendant's motion for summary judgment is pending *sub judice*. This Court respectfully recommends that the case be stayed for thirty days following the ruling on this Report and Recommendation, so that Plaintiff may retain new counsel or advise the Court of his intention to proceed *pro se*.

### III.   **Conclusion**

For the reasons stated, this Court respectfully recommends that DSB's motion to withdraw and to affix a charging lien be granted except for the amount of the charging lien, which should be deferred until the amount to be recovered by Plaintiff, if any, has been finally determined. This Court further respectfully recommends that DSB be awarded costs in the amount of $5,051.45,

---

[2] In the event Plaintiff does not recover any money at the conclusion of the case, the retainer agreement states, "[c]lient is responsible for payment of expenses and disbursements at the conclusion of the case, regardless of the outcome of the case." Dkt. No. 37-4, at 3.

which should be subtracted from the final sum awarded to Plaintiff, if any.  This Court also respectfully recommends that the case be stayed for thirty days following the ruling on this Report and Recommendation, so that Plaintiff may retain new counsel or advise the Court of his intention to proceed *pro se*.

A copy of this Report and Recommendation is being electronically served on counsel.  DSB is directed to serve a copy of this order upon Plaintiff at his last known address and last known email address, and file proof of service by August 6, 2024.

Any objections to this Report and Recommendation must be filed within 14 days after service of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days).  Any requests for an extension of time for filing objections must be directed to Judge Kuntz.  Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Kotlyarsky v. United States Dep't of Just.*, No. 22-2750, 2023 WL 7648618 (2d Cir. Nov. 15, 2023); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:     Brooklyn, New York            **SO ORDERED.**
           August 5, 2024
                                          /s/ Joseph A. Marutollo
                                         JOSEPH A. MARUTOLLO
                                         United States Magistrate Judge