```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
RUDOLPH SCHWARTZ,

                        Plaintiff,

        v.

AMF BOWLING CENTERS, INC.,

                        Defendant.
-------------------------------------------------------------------X
```

**REPORT AND RECOMMENDATION**

19-CV-7096
(Kuntz, J.)
(Marutollo, M.J.)

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

Plaintiff Rudolph Schwartz—then-represented by counsel—commenced this personal injury action against Defendant AMF Bowling Centers, Inc. on January 29, 2019. *See* Dkt. No. 1-3. Following motion practice, the Court granted the motion of Plaintiff's then-counsel—attorneys from the law firm Devitt Spellman Barrett, LLP ("DSB")—to, *inter alia*, withdraw as counsel of record in this matter. *See* Dkt. Nos. 39, 41, *see also Schwartz v. AMF Bowling Ctr., Inc.*, 746 F. Supp. 3d 1, 10 (E.D.N.Y. 2024).

Currently pending before this Court, on a referral from the Honorable William F. Kuntz, United States District Judge, is Defendant's motion to dismiss *pro se* Plaintiff's complaint due to his failure to prosecute this action. *See* Dkt. No. 48. For the reasons set forth below, the undersigned respectfully recommends that Defendant's motion be granted and that this action be dismissed, without prejudice.[1]

---

[1] Jianuo Li, a judicial intern who is a second-year law student at the Duke University School of Law, is gratefully acknowledged for his assistance in the research of this Report and Recommendation.

I.      **Relevant Background**

Plaintiff, represented by DSB, commenced this lawsuit on January 24, 2019, in the Supreme Court, County of Suffolk.  *See* Dkt. No. 1-3, at 3.  Plaintiff alleges that he suffered injuries as the result of a slip-and-fall accident that occurred on Defendant's premises on October 31, 2017, and he seeks an award of monetary damages.  *See id.* at 34-39.

On December 18, 2019, Defendant removed this case from state court to this Court.  *See* Dkt. No. 1.  Plaintiff continued to be represented by DSB.  *See id.*

The parties proceeded with discovery, and on March 22, 2022, the Court issued an order certifying that discovery was complete.  *See* Mar. 22, 2022 Dkt. Order.  The Court subsequently set a briefing schedule for Defendant's motion for summary judgment, and on August 19, 2022, Defendant filed the fully-briefed motion on the Court's docket.  *See* Dkt. Nos. 31-33.  Defendant's motion for summary judgment is pending *sub judice*.

According to DSB, on May 24, 2024, Plaintiff arrived unannounced at DSB's Hauppauge office and requested that DSB discontinue its representation of him regarding this matter.  *See* Dkt. No. 35 at 1; Dkt. No. 37 at 1.  Plaintiff "advised that he had not yet found another attorney, that he was looking for a new attorney, and that he respectfully wanted to end the attorney-client relationship" with DSB.  Dkt. No. 37 at 1.  On May 28, 2024, Plaintiff returned to DSB's office to collect his physical file; DSB informed Plaintiff that the instant motion would be necessary and that DSB would be asserting a charging lien.  *Id.*  Plaintiff executed a notice of discharge, and took his physical file from DSB.  *Id.*; *see also* Dkt. No. 37-1 at 1.

On May 31, 2024, DSB filed a letter-motion to withdraw as counsel for Plaintiff pursuant to Local Civil Rule 1.4, to assert a charging lien in accordance with New York Judiciary Law § 475, and for a stay of litigation to permit Plaintiff time to find new counsel.  *See* Dkt. No. 35.

On June 3, 2024, the Court ordered DSB to supplement the letter-motion with a memorandum of law, a copy of Plaintiff's retainer agreement with DSB, and the computation of outstanding fees with billing records. *See* June 3, 2024 Dkt. Order. The Court further ordered DSB to serve Defendant with a copy of the motion. *Id.*

On June 10, 2024, DSB filed a supplemental motion to withdraw and an affidavit of service showing that DSB mailed the motion to Plaintiff. *See* Dkt. Nos. 37-38. Plaintiff has not opposed DSB's motion.

On August 5, 2024, the undersigned issued a Report and Recommendation regarding Defendant's motion to withdraw, which the Court adopted on August 23, 2024. *See* Dkt. Nos. 39, 41. The Court granted DSB's motion to withdraw as counsel of record; granted DSB's motion to affix a charging lien, but defers the calculation of the lien's amount until the amount to be recovered by Plaintiff, if any, has been finally determined; and ordered that DSB be awarded costs in the amount of $5,051.45, which should be subtracted from the final sum awarded to Plaintiff, if any. Dkt. No. 41. The Court also granted DSB's request to stay this action, and ordered thirty-day stay following service of this Order to allow Plaintiff to retain new counsel or advise the Court of his intention to proceed *pro se*. *Id.*

Plaintiff failed to comply with the Court's order. On February 4, 2025, the Court entered the following order:

> The parties shall submit a joint status report by February 14, 2025 at 5:00 p.m. In that report, Plaintiff shall indicate whether he has retained new counsel, whether he intends to continue prosecuting this case, and his reasons for failing to abide the by the Court's August 23, 2024 and November 26, 2024 Orders. Defendant AMF Bowling Center, Inc. is directed to serve a copy of this order on Plaintiff at his address as listed on the docket, and any email address of Plaintiff's that might be in its possession, and file proof of the same by February 6, 2025 at 5:00 p.m. Failure of Plaintiff to respond or obey the Court's orders may result in sanctions, including dismissal of this case.

Text Order dated February 4, 2025.

On February 14, 2025, Defendant filed a letter regarding the Court's February 4, 2025 Order.  See Dkt. No. 44.  In that letter, Defendant stated:

> In accordance with Your Honor's Status Report Order, dated February 5, 2025, we served a copy of such Order on Plaintiff on February 5, 2025, via mail and email. Subsequently, we emailed Plaintiff on February 7, 2025 and February 12, 2025 requesting that Plaintiff advise us as to whether he has retained new counsel, whether he intends to continue prosecuting the case, and his reasons for failing to abide by the Court's Orders dated August 23, 2024 and November 26, 2024, so that we could prepare a draft joint letter for his review, before filing same by today's deadline. [] As of the filing of this letter, we have not received a response from the Plaintiff.

Dkt. No. 44.

The Court ordered Defendant to file a motion for failure to prosecute by February 28, 2025. See Order dated February 14, 2025.  On February 28, 2025, Defendant filed the instant motion. See Dkt. No. 46.   Plaintiff has not responded to the Court's orders or Defendant's motion.

## II.   **Legal Standard**

Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order."  Fed. R. Civ. P. 41(b).  While Fed. R. Civ. P. 41(b) "expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute *sua sponte*."  *See Royall v. City of Beacon*, No. 24-CV-3 (KMK), 2024 WL 5146126, at *1 (S.D.N.Y. Dec. 17, 2024) (citing *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)) (internal citation omitted). Although "dismissal under Rule 41(b) is subject to the sound discretion of the district courts, [] the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations."  *Id*. (citation omitted).

4

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Id.* (citation omitted). No single factor is dispositive. *See Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994). "While the Second Circuit has cautioned that *pro se* plaintiffs should be granted special leniency regarding procedural matters, courts in this district have recognized that [] even pro se litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the Court gives warning." *Zeigler v. Annucci*, No. 23-CV-707 (KMK), 2025 WL 1056904, at *2 (S.D.N.Y. Apr. 8, 2025) (cleaned up and internal citations omitted).

### III. Discussion

Here, all five factors weigh in favor of dismissal. First, as Defendant notes, "Plaintiff has taken no action to prosecute this action for close to a year, despite multiple warnings from this Court." Dkt. No. 48 at 5, *see also* Dkt. No. 37. In light of Plaintiff's failure to participate in this action since at least August 2024, the first factor is satisfied. *See Gonzalez v. City of New York*, No. 17-CV-1824 (JGK), 2018 WL 2269244, at *1 (S.D.N.Y. May 17, 2018) ("The plaintiff's failure to comply with the Court's orders in the preceding three months clearly warrants dismissal for failure to prosecute, especially in light of this Court's repeated reminders that the plaintiff risked dismissal of his case if he failed to comply with the orders."); *see also Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) ("The district court also has the power under Fed. R. Civ. P. 41(b) to dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute.").

5

Plaintiff's *pro se* status does not excuse his noncompliance with Court orders. *See Agiwal v. Mid Island Mortgage Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) ("All litigants, including *pro ses*, have an obligation to comply with court orders, and failure to comply may result in sanctions, including dismissal with prejudice."); *Gibson v. City of New York*, No. 21-CV-4251 (GHW) (BCM), 2022 WL 3566493, at *2 (S.D.N.Y. Aug. 3, 2022) ("[L]ike all litigants, *pro se* parties 'have an obligation to comply with court orders. When they flout that obligation they . . . must suffer the consequences of their actions.'" (citation omitted)), *report and recommendation adopted*, 2022 WL 3549875 (S.D.N.Y. Aug. 18, 2022).

Second, the Court ordered that "[f]ailure of Plaintiff to respond or obey the Court's orders may result in sanctions, including dismissal of this case." Text Order dated February 4, 2025. The Court has therefore put Plaintiff on notice that his failure to comply with Court orders may result in dismissal. *See Vega v. Carey Limousine NY, Inc.*, No. 20-CV-05121(CBA) (JRC), 2022 WL 1422477, at *3 (E.D.N.Y. Feb. 18, 2022), *report and recommendation adopted*, 2022 WL 824149 (E.D.N.Y. Mar. 18, 2022) (failure to comply with court orders was enough to satisfy the second factor of a failure to prosecute analysis).

Third, prejudice to the Defendant is presumed, particularly where, as noted above, Plaintiff has failed to take actions to prosecute his case. Moreover, Plaintiff has not taken any steps to advance this litigation and has caused an unreasonable delay in the proceedings for over six months. *See Powell v. Doe*, No. 23-CV-9513 (CS), 2024 WL 4389283, at *3 (S.D.N.Y. Oct. 3, 2024) ("…Plaintiff's delay is unreasonable: he has not complied with his obligation to update the Court with his current address, has ignored multiple Court orders, and has not taken any steps to advance the litigation or even communicate with the Court over several months."); *see also Caussade v. United States*, 293 F.R.D. 625, 630 (S.D.N.Y. 2013) ("Where a plaintiff has become

6

inaccessible for months at a time, courts presume prejudice."). Because Plaintiff's inaccessibility has unnecessarily delayed this case for close to a year, the Court presumes prejudice.

Fourth, "[n]oncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." *Powell*, 2024 WL 4389283, at *3 (citations omitted). The Court has a strong interest in managing its docket and "cannot wait indefinitely" for Plaintiff to "turn his attention" to this case. *Pena v. Zazzle Inc.*, 587 F. Supp. 3d 109, 114 (S.D.N.Y. 2022). Indeed, Plaintiff's failure to obey Court orders, or make an attempt to prosecute this case, effectively dismisses his right to have the Court hear his claim. *See id.*

As to the final factor, the Court finds that the imposition of a lesser sanction would have no effect on Plaintiff, given Plaintiff's repeated failure to participate in this action in any manner. Thus, any sanction short of dismissal is unlikely to be effective. *See Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 196 (2d Cir. 1999) (Sotomayor, J.) (affirming dismissal for failure to prosecute); *see also Simonaj v. Garland*, No. 23-CV-10322 (JHR) (SLC), 2024 WL 872287, at *2 (S.D.N.Y. Feb. 1, 2024), ("Given Mr. Gjoni's complete lack of communication and disregard of the Court's orders, no lesser sanction than dismissal is appropriate."), *report and recommendation adopted*, 2024 WL 871028 (S.D.N.Y. Feb. 29, 2024); *Thompson v. Rising Star Beauty Salon, Inc.*, No. 15-CV-3716 (RRM)(RER), 2017 WL 3887870, at *2 (E.D.N.Y. Sept. 5, 2017) ("Given Thompson's failure to comply with the Court's order warning of possible dismissal, it is unlikely that a sanction short of dismissal would be effective").

Accordingly, this Court respectfully recommends that this action be dismissed, without prejudice, for failure to prosecute. *See Djokovic v. U.S. Just. Dep't*, No. 07-CV-2608 (SJ), 2008 WL 3200191, at *1-2 (E.D.N.Y. Aug. 6, 2008) (dismissing case for, among other reasons, failure

7

to prosecute where the plaintiffs were ordered to submit a letter stating "whether [they] intend[ed] to proceed with th[e] action," but plaintiffs failed to submit such a letter); *Lopez v. Catholic Charities of the Archdiocese of N.Y.*, No. 00-CV-1247 (AGS), 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (dismissing for failure to prosecute where plaintiff "ceased to prosecute [the] action at all" for three months) (emphasis removed).

### IV.  Conclusion

In light of the foregoing, the undersigned respectfully recommends that the Court dismiss this action, without prejudice.  The Clerk of the Court is directed to mail a copy of this Report and Recommendation to Plaintiff.

Any objections to this Report and Recommendation must be filed within 14 days after service of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days).  Any requests for an extension of time for filing objections must be directed to Judge Kuntz.  Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Kotlyarsky v. United States Dep't of Just.*, No. 22-2750, 2023 WL 7648618 (2d Cir. Nov. 15, 2023); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:     Brooklyn, New York
           June 16, 2025                              **SO ORDERED.**

                                                       */s/ Joseph A. Marutollo*
                                                      JOSEPH A. MARUTOLLO
                                                      United States Magistrate Judge

8